Charles Talbert
No. QA4727
SCI. Phoenix
1200 Mokychic Drive
Collegeville, PA. 19426

May 22, 2023

George Wylesol, Clerk of Court
U.S. Courthouse, Eastern
601 Market Street
2nd Floor
Philadelphia, PA. 19106

Re: New Civil Filing

Dear Mr. Wylesol:
  Enclosed herein, please find the following:
    1. Civil Complaint
    2. Check for $402.00
Please send me Notification and Waiver forms to send to both Defendants. Also, please send me a returned stamped copy of my complaint. Thank you Mr. Wylesol and Happy Memorials Day.

Yours Truly,

Charles P.E. Talbert
Legal Assistant - Paralegal

United States District Court Eastern District Of Pennsylvania

Charles Talbert

Vs.                                No.

Beal Bank USA
Mr. David Cortez                Complaint

Plaintiff, Charles Talbert, brings forth this civil matter against the above named Defendants for false advertising its services and products, misrepresentation, and for racial discrimination.

Parties:

1. Plaintiff is an adult individual, and citizen of the United States.
2. Beal Bank USA (BBU), is a financial institution, specialized in offering competitive rates on certificates of deposit, money market accounts, statement savings account, and individual retirement account certificates of deposit. BBU has a branch located at 150 Allendale Road, Building No. 3, Suite 3000, King of Prussia, Pennsylvania 19406.
3. Mr. David Cortez (Cortez), is the Assistant Manager of the BBU located in King of Prussia.

Statement of Facts:

4. In between 2022 and 2023, Plaintiff was a subscriber to the Philadelphia Inquirer, a newspaper that provides information involving events occurring in Philadelphia, including other national and international locations.

5. The Philadelphia Inquirer also allows other companies to post advertisements inside of its newspaper concerning their respective services and products.

6. Sometime in between December 2022 and February 2023, the Defendants had advertised its King of Prussia location in the Philadelphia Inquirer to which Plaintiff found intriguing.

7. Upon reading the details of its advertisement, concerning its competitive rates of certificates of deposit (CDs) and savings products, in an attempt to save and invest his money, as advertised, Plaintiff sent Defendants a letter requesting for them to send him the appropriate forms for him to fill out and have an account opened up in his name.

8. On February 28, 2023, the Defendants sent Plaintiff a reply letter, including a new account application, and information explaining its various types of accounts.

9. At this point, the Defendants had absolutely no knowledge of the Plaintiff's race or color.

10. The aforementioned reply letter from Defendants directed Plaintiff to complete the new account application, and to mail back a check, the completed application, and a copy of his driver's license.

11. In the Defendant's aforementioned reply letter, Defendants had represented to Plaintiff that:
    A. once funds had arrived at its office, new account documents would be prepared and mailed to him within 3 to 5 business days.
    B. Plaintiff would begin to earn interest on the date that his funds were received.
12. Plaintiff's account option was a statement savings account, to which a minimum deposit of $500.00 was required, and to which an annual percentage yield / interest rate was 0.21%.
13. In accordance with the Defendant's aforementioned advertisement and representations in its reply letter, which was dated February 28, 2023, on April 4, 2023, Plaintiff had mailed Defendant a check for $500.00, together with a completed application and copy of his State driver's license.
14. However, upon receiving Plaintiff's materials, aforesaid, and noticing that he was a person of color, incarcerated, the Defendants had unreasonably returned those materials back to Plaintiff on or about April 10, 2023, and stated that they would not allow for him to open up an account.
15. As a proximate result of the Defendants' acts and omissions:
    A. Plaintiff was deceived into parting with his personal information with the belief that such information would be used for what Defendants had advertised and represented to him.
    B. Plaintiff was discriminated against because of his color and race.
    C. Plaintiff suffered from emotional distress and mental anguish.

Count One: False Advertisement:

16. As aforementioned, the Defendants had distributed its advertisement in the Philadelphia Inquirer that sought all readers to invest into their CDs and savings products.
17. Plaintiff, as a subscriber to the Philadelphia Inquirer, had been misled and deceived by Defendant's advertisement, by following all procedures to begin saving and investing, only to be denied that opportunity.
18. Such advertisement was untrue, and misleading, and made in reckless disregard as to the truthfulness of its promotion of products and services being available to all readers of the Philadelphia Inquirer.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount in excess of $75,000.00, punitive damages, costs, and legal fees.

Count Two: Fraudulent Misrepresentation:

19. As aforementioned, on February 28, 2023, the Defendants had represented to Plaintiff that once his funds, application, and identification was received, that new account documents would be prepared and mailed to him within 3 to 5 business days, and that he would begin to earn interest on the date that his funds were received.
20. This representation was material to the Defendants' advertisement and subsequent communication between the parties

involving the financial transaction.

21. This representation, together with its advertisement, was made falsely with reckless disregard as to its truthfulness.

22. This representation, together with its advertisement, was intended to deceive people, such as Plaintiff, into parting with their personal information, only to find out what race and color they are to surreptitiously deny account access to certain people of color.

23. Plaintiff justifiably relied on Defendant's representation and advertisement by parting with his personal information and money, reasonably believing that Defendants would use it to open up his account as represented to him.

24. However, upon realizing that Plaintiff was a person of color, the Defendants reneged on its representation to him, and in so doing, refused to open up an account for him.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $75,000.00, punitive damages, costs, and legal fees.

Count Three • Violations of the Civil Rights Act of 1964:

25. The Civil Rights Act of 1964, 42 USCS 2000a et seq, is comprehensive legislation intended to end discrimination based on race, color, religion, or national origin.

26. Title VI of the Act assures nondiscrimination in the distribution of funds under federally assisted programs.

27. Title VII of the Act bans discrimination by those involved in

interstate commerce or doing business with the Federal Government.

28. Defendants are members under the Federal Deposit Insurance Corporation (FDIC).

29. The FDIC is a U.S. Government corporation that provides deposit insurance for U.S. banks through the Deposit Insurance Fund. It operates throughout the Federal Reserve System. In the wake of the financial crisis, FDIC's power and responsibilities were greatly extended by the Dodd-Frank Act of 2010.

30. In short, the Defendants are involved in interstate commerce with offices across the nation; does business with the Federal Government; and is federally assisted by the FDIC.

31. However, the Defendants knowingly, intentionally, willfully, and maliciously discriminated against Plaintiff by refusing to let him open up an account after realizing that he was a person of color.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount in excess of $75,000.00, punitive damages, costs, and legal fees.

Count Four - Vicarious Liability:

32. As principal, BBU is liable to Plaintiff for the aforementioned frauds, deceits, concealments, misrepresentations, torts, negligent acts, and/or all other malfeasances of Mr. Cortez.

WHEREFORE, Plaintiff demands judgment against Beal Bank

USA for an amount in excess of $75,000.00, punitive damages, costs, and legal fees.

Verification:

I hereby verify under penalty of perjury that the facts stated herein are true and correct to the best of my knowledge, information, and belief pursuant to 28 USCS 1746.

Respectfully submitted,

Charles P. E. Talbert
Legal Assistant - Paralegal

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA, 19426

May 22, 2023

